IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERONICA P. LOPEZ,

    Plaintiff,

v.                                                                                                        CV 14-320 CG

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Veronica Lopez's *Motion to Reverse and Remand Administrative Agency Decision* and *Plaintiff's Memorandum Brief in Support of Motion to Reverse or Remand Administrative Agency Decision* (together, the "Motion"), (Docs. 25 & 25-1), filed December 22, 2014; and Defendant's *Brief in Response to Plaintiff's Motion to Reverse or Remand* ("Response"), (Doc. 33), filed April 22, 2015.

On February 3, 2010, Ms. Lopez filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, (Administrative Record "AR" 138-141), alleging disability commencing January 8, 2010. (AR 138). Her claim for benefits was initially denied, (AR 76-79), and again upon reconsideration. (AR 81-83). A request for a hearing was filed on February 8, 2011, (AR 86-87), and a hearing was held on May 22, 2012 before Administrative Law Judge ("ALJ") Barry O'Melinn. (AR 27-53). Ms. Lopez and C.J. Ford, an impartial vocational expert ("VE"), testified at the hearing. (*Id.*) Ms. Lopez was represented at the hearing by attorney Jeff Diamond. (AR 12). ALJ O'Melinn issued an unfavorable decision on

November 27, 2012, finding that Ms. Lopez was not disabled under the Social Security Act from January 8, 2010 through the date of the decision. (AR 22). Through counsel, Ms. Lopez filed an application for review by the Appeals Council on January 29, 2013, (AR 7-8), which was summarily denied, (AR 4-6), making the decision of ALJ O'Melinn the final decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal.

Ms. Lopez argues that the ALJ committed reversible, legal error by failing to provide a reasonable explanation for the conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") at step four of the sequential evaluation process. (Doc. 25-1 at 15).

The Court has reviewed the Motion, the Response, and relevant law. Because the ALJ failed to provide a reasonable explanation for the conflict between the VE's testimony and the DOT with regard to the reasoning level of Ms. Lopez's past relevant work, the Court finds that the Motion should be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

I.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v.*

*Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley,* 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

For purposes of disability insurance benefits (DIB) and supplemental security income (SSI), a person establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, she will proceed to step five of the evaluation process. At step five the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

### III. Background

Ms. Lopez alleged disability beginning January 8, 2010 due to her gastrointestinal disorders and intestinal surgeries, history of hernia, elbow and hand pain, and ulnar nerve damage. (AR 76, 159).

At step one, the ALJ found that Ms. Lopez had not engaged in substantial gainful activity since the alleged onset date of January 8, 2010. (AR 14). At step two, the ALJ

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

concluded that Ms. Lopez was severely impaired by gastrointestinal disorders; fatty liver disorder; eating disorder; left upper extremity/elbow disorder; back disorder; and fibromyalgia. (*Id.*). The ALJ found Ms. Lopez's alleged depression to be a "non-medically determinable" impairment. (AR 15). At step three, the ALJ determined that none of Ms. Lopez's impairments, solely or in combination, met or medically equaled the severity of one of the listed impairments in 20 CFR §§ 404.1520(d), 404.1525, or 404.1526. (AR 15).

The ALJ proceeded to step four. The ALJ found that Ms. Lopez's statements as to the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with his residual functional capacity ("RFC") assessment. (AR 16-17). He based this finding on Ms. Lopez's collection of unemployment benefits, the lack of corroborating objective medical evidence, medical records that showed that upon examination Ms. Lopez seemed to be exaggerating her level of pain. (AR 21). The ALJ also considered objective medical evidence, including: several MRIs; biopsies; treatment notes regarding Ms. Lopez's back, leg, and hand pain; intestinal issues; and her gallbladder surgery and post-surgery recovery. (AR 15-20).

The ALJ ultimately found that Ms. Lopez had the RFC to perform light work, except that she was limited to frequent reaching, handling, fingering, and feeling with the left upper extremity. (AR 15). In addition, the ALJ determined that Ms. Lopez could understand, carry out, and remember simple instructions and make commensurate work-related decisions, respond appropriately to supervisors, coworkers, and work situations, deal with routine changes in a work setting, and maintain concentration,

persistence, and pace for up to, and including, two hours at a time with normal breaks throughout the workday. (*Id.*).

The ALJ inquired whether a person with the claimant's age, education, and work experience, along with the above RFC, would be able to perform any of Ms. Lopez's past relevant work. (AR 51). The VE classified Ms. Lopez's past relevant work as loan clerk, DOT 205.367-022, bank teller, DOT 211.362-018, and convenience store cashier, DOT 211.462-010. (AR 49-50). The VE testified that an individual with Ms. Lopez's age, education, work experience, and the same RFC could perform all of Ms. Lopez's past work. (AR 51-52). The VE also testified that, based on his own experience, employers of Ms. Lopez's past relevant work would tolerate only approximately one absence per month. (AR 52). The ALJ asked the VE whether his testimony had been consistent with the DOT. (*Id.*). The VE responded that it had, with the exception of portions that had been based on his own experience, which were so identified. (*Id.*).

The ALJ then explained that, based on the testimony from the VE, Ms. Lopez was capable of performing her past relevant work as a loan clerk, bank teller, and convenience store cashier. (AR 22). As a result, the ALJ concluded that Ms. Lopez was not disabled pursuant to 20 C.F.R. §§ 404.1520(f). (*Id.*).

### IV. Analysis

Ms. Lopez argues that the ALJ committed reversible, legal error by failing to provide a reasonable explanation for the conflict between the VE's testimony and the DOT at step four. (Doc. 25-1 at 15). Ms. Lopez contends that at step four, the ALJ elicited testimony from the VE that was inconsistent with Ms. Lopez's RFC under Tenth Circuit jurisprudence. Although the ALJ asked the VE whether his testimony was

consistent with the DOT, Ms. Lopez maintains that the ALJ's failure to provide a reasonable explanation for apparent inconsistences between the testimony and the DOT was error as a matter of law. (Doc. 25-1 at 20).

The Commissioner responds that, before relying on the VE's testimony, the ALJ asked whether it was consistent with the DOT. (Doc. 33 at 4). The Commissioner maintains that the testimony was consistent with the DOT, and that this case is distinguishable from other cases in which the Tenth Circuit has held otherwise. (Doc. 33 at 5-7).

At steps four and five, an ALJ may consult vocational resources, such as the DOT or VEs, to determine whether a claimant is able to perform her past work, or other work in the national economy. 20 C.F.R. § 404.1560(b)-(c); *see* Social Security Ruling ("SSR") 00-04p, 2000 WL 1898704, at *2 (2000); *Winfrey v. Chater*, 92 F.2d 1017, 1025 (10th Cir. 1996) (holding that a VE may supply information to the ALJ about the demands of a claimant's past relevant work). However, it is well-established that "before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability," an "ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); *see also* SSR 00-04p, 2000 WL 1898704, at *2.

At issue here is the VE's testimony that, in light of Ms. Lopez's RFC, she could perform her past relevant work as a loan clerk (DOT 205.367-022), bank teller (DOT 211.362-018), and convenience store cashier (DOT 211.462-010). Ms. Lopez argues that, given that she is limited to understanding, carrying out, and remembering simple instructions and making commensurate work-related decisions, the VE's testimony that

7

she is capable of performing her past relevant work is inconsistent with the DOT. (Doc. 25-1 at 18-21). She maintains that the DOT states that all three positions require a General Educational Development ("GED") reasoning level of at least three, which the Tenth Circuit has held is inconsistent with limitations to performing "simple and routine work tasks." (Doc. 25-1 at 19).

Indeed, the court in *Hackett v. Barnhart* held that the GED reasoning level three was inconsistent with the claimant's limitation to performing only "simple and routine work tasks." 395 F.3d 1168, 1176 (10th Cir. 2005). Reasoning level three is defined as "the ability to 'apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [, and d]eal with problems involving several concrete variables in or from standardized situations.'" *Id.* (citing Dep't of Labor, DOT, App. C, § III (4th ed. 1991), 1991 WL 688701). The Tenth Circuit found that this level of reasoning seemed inconsistent with the Plaintiff's RFC to perform "simple and routine work tasks." Instead, level two reasoning, defined as the ability to "'[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instruction [and d]eal with problems involving a few concrete variables in or from standardized situations,'" seemed more consistent with such a limitation. *Id.* (citing DOT, App. C, § III). Because the ALJ had not addressed this "apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE," the *Hackett* court remanded the case for further proceedings. *Id.*

Following *Hackett*, this Circuit has consistently identified a conflict between limitations to simple and routine tasks and level-three reasoning. *See Pritchett v. Astrue*,

No. 06-5130, 220 Fed. Appx. 790, 793 (10th Cir. Mar. 23, 2007) (unpublished) (remanding case for ALJ to address discrepancy between plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the job identified for him by the VE); *Garcia v. Barnhart*, No. 05-2322, 188 Fed. Appx. 760, 766-67 (10th Cir. July 13, 2006) (unpublished) (stating rule that there is a facial conflict between a claimant's inability to perform more than simple and repetitive tasks and level-three reasoning required in the DOT for jobs identified by the VE); *Hudman v. Astrue*, No. 1:08-cv-00643-RLP, at *16 (D.N.M. filed Apr. 16, 2009) (unpublished) (finding reversible error where the ALJ failed to address the conflict between plaintiff's limitation to follow only simple verbal and written instructions and level-three reasoning required in the DOT for jobs identified by the VE); *Brown-Mueller v. Colvin*, No. 13-cv-00537-PAB, 2015 WL 1433275, at *3 (D. Colo. Mar. 25, 2015) (unpublished) (holding that, under *Hackett*, the ALJ erred in failing to address inconsistency between plaintiff's limitation to follow only simple, 3- to 4-step instructions and level-three reasoning of jobs identified by VE).

      The Court agrees that Ms. Lopez's RFC limiting her to understanding, carrying out, and remembering simple instructions and making commensurate work-related decisions is incompatible with jobs requiring a reasoning level of three. Indeed, Ms. Lopez's RFC is similar to that in *Hackett*. In fact, Ms. Lopez's inability to understand, carry out, or remember anything more than simple instructions is perhaps more restrictive than the limitations stated in *Hackett*. *See Hudman v. Astrue*, No. 1:08-cv-00643-RLP, at *16 (explaining that the plaintiff's limitation to following simple verbal and written instructions was more restrictive than the limitation for simple and routine work

9

tasks in *Hackett*). It is undisputed that Ms. Lopez's past relevant work, as classified by the DOT, requires level-three reasoning or higher. (Doc. 25-1 at 19); DOT 211.462-010, 1991 WL 671840 (convenience store cashier), DOT 205.367-022, 1991 WL 671717 (loan clerk), DOT 211.362-018, 1991 WL 671837 (bank teller).

The Commissioner argues that under *Hackett*, limitations to "simple and routine work" do not necessarily conflict with jobs requiring a level-three reasoning level, and as a result, Ms. Lopez has not demonstrated any actual conflict between the VE testimony and the DOT. (Doc. 33 at 6-7). In support of this argument, the Commissioner cites to unpublished decisions and cases from other districts in which courts declined to remand on this issue.

However, most of these cases are distinguishable from *Hackett*. *See Cabrera v. Colvin*, No. 12-cv-01559-PAB, 2015 WL 1433245, at *9 (D. Colo. Mar. 26, 2015) (unpublished) (distinguishing *Hackett* from case at bar where ALJ found that plaintiff cannot perform complex tasks, rather than limiting plaintiff to simple tasks); *Mounts v. Astrue*, No. 11-1172, 479 Fed. Appx. 860, 868 (10th Cir. May 9, 2012) (unpublished) (rejecting plaintiff's argument that there was no evidence to support the ALJ's finding that she could perform work at GED level three); *Anderson v. Colvin*, No. 12-1102, 514 Fed. Appx. 756, 763-64 (10th Cir. Apr. 4, 2013) (unpublished) (assuming a conflict between the VE testimony and the DOT and holding that the ALJ's failure to resolve the conflict was harmless error). Thus, the Court is left with one case from another district which reasoned that "*Hackett* did not hold that an RFC establishing the performance of simple and routine tasks would always conflict with a job that required a level three reasoning level," and that, in any event, the ALJ had elicited a reasonable explanation

for any discrepancy. *Fulton v. Colvin*, No. CIV-13-1108-HE, 2014 WL 7899420, at *12 (W.D. Okla. Nov. 24, 2014) (unpublished). In the face of *Hackett*'s binding authority, and the cases following it, the Commissioner's argument is not persuasive. As a result, this Court finds that there was a facial inconsistency between Ms. Lopez's RFC and the level-three reasoning required by her past relevant work, as classified by the VE.

To be sure, as the Commissioner points out, (Doc. 33 at 6), the ALJ inquired as to whether the VE's testimony was consistent with the DOT, and the VE responded that it was, except for that which was based on his own experience. (AR 52). However, there is no indication in the record that the VE acknowledged this particular conflict with the DOT, or that he offered any explanation for the conflict. *See Hackett*, 395 F.3d 1168 at 1175 (remanding to ALJ to provide explanation for conflict that was not addressed in the record, even though ALJ generally asserted that discrepancies between the VE testimony and the DOT were based on the VE's own experience). Therefore, the ALJ did not properly elicit a reasonable explanation for the discrepancy between the VE's testimony and the DOT. His failure to do so is reversible error.

The Commissioner further contends that the Court should decline to extend *Hackett* to apply to an ALJ's finding at step four. (Doc. 33 at 7). She argues that GED levels refer to an individual's general educational background, and that the vocational factors of age, education, and work experience are not to be considered at step four of the sequential evaluation process, because they should only be considered at step five. (*Id.*) (citing 20 C.F.R. § 404.1560(b), (c)). In support, the Commissioner cites to an unpublished Tenth Circuit case which stated that "GED does not describe specific mental or skill requirements of a particular job, but rather describes the general

educational background that makes an individual suitable for the job." *Anderson*, 514 Fed. Appx. at 764. This argument is not persuasive.

First, *Anderson* did not reverse *Hackett*, or hold that there was no conflict between the VE's testimony that the plaintiff could perform some unskilled work that required a reasoning level of three, when she could understand, remember and carry out only simple instructions. *Anderson*, 514 Fed. Appx. at 764 (holding that, assuming a conflict between the VE's testimony and the DOT, any error would be harmless).

Second, the ALJ has the duty to investigate and elicit a reasonable explanation for any conflict between the DOT and expert testimony. *Haddock*, 196 F.3d at 1091. Indeed, SSR 00-04p, which essentially codified *Haddock*, explains that the ALJ may rely on the DOT and VE testimony at both steps four and five. SSR 00-4p, 2000 WL 1898704, at *2. The ruling continues to say that "occupational evidence provided by a VE [ ] generally should be consistent with the occupational information supplied by the DOT," and when there is a conflict, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE testimony to support a determination as to whether a claimant is disabled. *Id.*; *see Madron v. Astrue*, No. 06-1200, 311 Fed. Appx. 170, 181-82 (10th Cir. Feb. 11, 2009) (unpublished) (finding error where ALJ relied on VE testimony without resolving conflict with DOT at step four).

Finally, and moreover, the *Hackett* court originally held that jobs requiring a reasoning level of three were inconsistent with the plaintiff's RFC, rather than considering the plaintiff's reasoning level as a vocational factor. *Hackett*, 395 F.3d at 1176. Although decided at step five, there is nothing to suggest that the plaintiff's RFC would have been compatible with jobs requiring a reasoning level of three at step four of

the sequential evaluation process. *See generally Madron*, 311 Fed. Appx. at 181-82 (finding error where ALJ relied on VE testimony that plaintiff was capable of returning to her past relevant work requiring a reading level of two, when the ALJ found she had a limited education with a reading level of one).

In sum, the Court finds there was a facial inconsistency between Ms. Lopez's RFC and the level-three reasoning required by her past relevant work, as classified by the VE. The ALJ did not properly elicit a reasonable explanation for this discrepancy between the VE's testimony and the DOT, and his failure to do so is reversible error.

## V. Conclusion

For the reasons discussed above, the Court concludes that the ALJ failed to provide a reasonable explanation for the conflict between the VE's testimony and the DOT with regard to the reasoning level of Ms. Lopez's past relevant work. On remand, the ALJ should inquire as to any inconsistencies between the VE's testimony and the DOT, and provide a reasonable explanation for those inconsistencies if he chooses to adopt the testimony.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reverse and Remand Administrative Agency Decision*, (Doc. 25), be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE